*R. W. Wooley, for appellant.*

——, *for appellee.*

---

## Thos. C. Johnson *v.* Commonwealth.

**Clerks of Courts—Action Against—Defense.**

In an action by the state against the clerk of the county court for money collected as taxes, it is no defense to the action that a suit is pending between defendant and the trustees of the jury fund to whom the money collected is payable, and that the state should wait until the termination of such suit.

APPEAL FROM WOLFE CIRCUIT COURT.

February 12, 1873.

Opinion by Judge Peters:

Appellant, as clerk of the Wolfe County Court, owed the commonwealth for taxes, etc., collected the sum of $88.55, which by law it was his duty to pay over to the trustee of the jury fund; and upon his failure to do so a rule was awarded against him and in answer to that rule insists that the commonwealth shall wait until he and Cox, the trustee, shall litigate a long and perplexing controversy arising on a contract on the part of Cox to construct a house, and on the part of appellant to pay at future periods.

The mere statement of the proposition would seem to carry its own refutation. As between private individuals, if appellant owed a debt to a man for whom Cox was the agent, with authority to collect, it could scarcely be contended that when Cox as agent was

endeavoring to collect the money, that appellant could set off a demand he had against Cox individually against the debt of his principal, much less could he do so against a debt of the sovereign.

The commonwealth pays all legal demands due from it when properly presented promptly, and to enable it to do so all its agents and collecting officers must act with like promptness.

Cox was its officer for a specified purpose, and with limited powers, with no authority to compound, transfer, or change the liability of its officers. The money in the hands of appellant belonged to the commonwealth, not to Cox, and having the legal right to it, the proceeding was properly in its name. And without its assent to any agreement made between appellant and Cox it could not be bound. And such assent is not alleged in the answer. The demurrer was therefore properly sustained to the answer and the judgment must be *affirmed*.

*W. L. Hurst*, for appellant.

*Rodman, G. W. Cox*, for appellee.